U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED  LAFAYETTE

FEB 26 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Zavala                                              Civil Action No. 13-00774

versus                                              Judge Richard T. Haik, Sr.

City of Lafayette-Parish Consolidated               Magistrate Judge C. Michael Hill
Government, et al

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion for Summary Judgment filed by defendants Lafayette City-Parish Consolidated Government ("LCG"), Chief of Police Jim Craft, individually and in his official capacity as Chief of Police of the City of Lafayette, and Officer Jason Betts, individually and in his official capacity as a police officer of the City of Lafayette. [Rec. Doc. 10]. For the following reasons, the defendants' motion will be granted.

### I. Background

This action arises out of an incident that occurred on April 13, 2012, when plaintiff, Edwin Zavala, accompanied by his three minor children entered the Wal-Mart store located at 1229 Northwest Evangeline Thruway in Lafayette, Louisiana. The Statement of Uncontroverted Facts, *R. 10-1,* provides that, as plaintiff and his children entered the store, plaintiff grabbed and held onto the arm of his 11 year-old daughter as she forcefully attempted to pull away and resisted his efforts to hold her close to him. As confirmed by the

---

[1] Pursuant to Local Rule 7.5W, the deadline for filing any opposition to the motion was February 9, 2014.

testimony of eyewitnesses to the events, Marion Fuller and Berton Gauthreaux, the interaction between plaintiff and the child caused a substantial disturbance. Fuller, a store patron, testified it appeared to him that a child abduction by the plaintiff was in progress. Gauthreaux, a Wal-Mart loss prevention officer at the store, stated that he was immediately notified about the disturbance and observed the plaintiff holding onto and pulling on a young child, who was resisting and yelling "let me go!" at the plaintiff. When Gauthreaux approached, plaintiff responded in an "irate" fashion and dragged the child out through the front of the store and into the parking lot. Gauthreaux stated that "the little girl was terrified," and he called the Lafayette Police Department for police assistance. As Gauthreaux followed the plaintiff and the children across the parking lot, plaintiff threatened Gauthreaux with bodily harm and yelled at the children. Gauthreaux stated he was concerned for the safety of the children.

Officer Betts was dispatched to a disturbance at the store and "suspicious circumstance" in which "an older Hispanic male with a ponytail [was] dragging a juvenile female by the arm through the parking lot" against her will. Officer Betts believed he was responding to a possible child abduction. On arrival, Betts exited his police unit and made verbal contact with the plaintiff. The plaintiff verbally resisted the questioning and when Betts attempted to escort him to the police unit, the plaintiff "jerked away" in "an aggressive manner." As confirmed by Gauthreaux's testimony, Officer Betts utilized a "leg sweep" to bring the plaintiff to the ground, handcuffed him with Gauthreaux's assistance and placed

2

him in the back seat of his unit while he completed his investigation. Upon confirming that the plaintiff was the father of the children, Officer Betts issued a summons charging plaintiff with Resisting an Officer, and released him from custody.

In his deposition, plaintiff stated that Officer Betts approached him and immediately grabbed his neck, placing him in a "choke hold," and then wrestled him to the ground and handcuffed him. Plaintiff filed a Complaint under 42 U.S.C. §§ 1983 and 1988 against the defendants for alleged violations of his First, Fourth and Fourteenth Amendment rights as well as state law tort claims for negligence, false arrest, false imprisonment, and excessive force/battery by Officer Betts. Plaintiff further alleged the LCG, through Chief Craft, failed to properly and adequately train and/or supervise Officer Betts, and are responsible under *respondeat superior*.

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56*. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*III. Analysis*

The fact that there is no opposition to defendants' motion does not necessarily mean defendant should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, the failure to file an opposition and statement of contested material facts requires the Court to deem defendant's Statement of Uncontroverted Material Facts, *R. 10-1*, admitted for purposes of this motion. *L. R. 56.2W.*

*A. 42 U.S.C. § 1983*

*1. Plaintiff's Claims Under the Fourth Amendment*

Defendants move to dismiss plaintiff's claims under 42 U.S.C. § 1983 based on the factual evidence establishing that Officer Betts had probable cause to approach and detain the plaintiff under the facts and circumstances within Officer Bett's knowledge. Plaintiff has provided no credible evidence that Betts immediately placed him in a choke hold, other than his own self-serving testimony which is refuted by eyewitness testimony. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir.1996)(Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden.).

Even assuming *arguendo* that plaintiff's version of events was accurate, because the

4

un-refuted material facts provide that (1) Officer Betts believed a child abduction was taking place; (2) plaintiff was exhibiting an angry demeanor; and, (3) plaintiff was actively resisting Officer Bett's questioning and commands, Betts' actions as alleged by the plaintiff would be reasonable. Thus, plaintiff's § 1983 claims must be dismissed based on his failure to demonstrate a genuine issue of material fact sufficient to preclude entry of judgment as a matter of law in defendants' favor.

*2. Plaintiff's Claims Under the First and Fourth Amendment*

Plaintiff's excessive force claims fall squarely within the scope of the Fourth Amendment, and therefore must be analyzed according to its principles, and not under the generalized notion of Fourteenth Amendment substantive due process. *Graham v. Connor*, 490 U.S. 386, 395 (1989). As provided in the foregoing, plaintiff's Fourth Amendment rights were not violated. Thus, his claims under the Fourteenth Amendment will be dismissed.

While plaintiff also alleges that his First Amendment rights were violated by the alleged excessive force, he fails to plead any facts that implicate the applicability of the First Amendment to this matter. Therefore, plaintiff's claims allegedly arising under the First Amendment will also be dismissed.

*3. Plaintiff's Claims against Chief Craft in His Individual Capacity*

Plaintiff's allegations related to Chief Craft in his individual capacity provide nothing about any actions or omissions made by Chief Craft, himself. A supervisory official may be

held liable under § 1983 only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury. *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir.1996). As plaintiff does not contend that Chief Craft had any personal involvement with the events at issue, his claims against Chief Craft must be dismissed.

*4. Plaintiff's Claims against LCG and Chief Craft in His Official Capacity*

Plaintiff also named as defendants the LCG and Chief Craft, in his official capacity, alleging that his claims against Officer Betts resulted from defendants' "policy, custom and practice ... to inadequately and improperly train and supervise their employees." An inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred. As the Court has determined that Officer Betts' conduct did not cause plaintiff to suffer a constitutional deprivation, the Court need not inquire into defendants' policy and custom related to Betts' training. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (a departmental policy or regulation authorizing the use of constitutionally excessive force is not relevant when a person has not been deprived of a constitutional right as a result of actions taken by an individual police officer); *Scallion v. Red River Parish*, 2007 WL 496624, 7 (W.D.La., 2007)(citing *Roach v. Fredericktown*, 882 F.2d 294, 298 (8th Cir.1989) (a municipality may be held liable under section 1983 for inadequate training only after determining that the plaintiff has suffered a constitutional deprivation as a result of the municipal employee's conduct).


...


*B. State Law*

Under Louisiana law, the same standard is used in analyzing a state law claim of excessive force as a constitutional claim, namely reasonableness under the circumstances. *Reneau v. City of New Orleans*, 2004 WL 1497711, *4 (E.D.La.,2004) (Fallon, J) (citing *Kyle v. City of New Orleans*, 353 So.2d 969, 973 (La.1977)("Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case. A court must evaluate the officers' actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers.")). As the Court has found that plaintiff's claims under § 1983 must be dismissed, plaintiffs' state law claims also fail.

*IV. Conclusion*

Based on the foregoing, the Court will grant the unopposed Motion for Summary Judgment filed by defendants, Lafayette City-Parish Consolidated Government, Chief of Police Jim Craft and Officer Jason Betts, against plaintiff, Edwin Zavala.

*[signature]*
Richard T. Haik, Sr.
United States District Judge